# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Terrvante Hicks,                                    Case No. 20-CV-2193 (PAM/ECW)

                        Plaintiff,

v.                                              **REPORT AND RECOMMENDATION**

MCF-Faribault and M. Graves, Individual
and Official Capacity,

                        Defendants.

Plaintiff Terrvante Hicks alleges that someone at the Minnesota Correctional Facility in Faribault ("MCF-Faribault") negligently destroyed paperwork of his relating to legal matters. As a result, Hicks brings claims pursuant to 42 U.S.C. § 1983 and requests monetary compensation.

As a prisoner, Hicks was required to pay an initial partial filing fee before proceeding with this civil action. *See* 28 U.S.C. § 1915(b). This Court previously calculated the initial partial filing fee owed by Hicks to be $61.09. (*See* Dkt. 8.) Hicks has now paid that amount (*see* Dkt. 9), and this matter is therefore ripe for review under 28 U.S.C. § 1915A. Under § 1915A(a), "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Hick's allegations are relatively straightforward, though some details remain unclear. In February 2020, someone at MCF-Faribault "negligently misplaced and/or destroyed legal documents pertaining to a criminal appeal . . . ." (Dkt. 1 at 4.) The following month, defendant M. Graves, an officer at MCF-Faribault, acknowledged in an official response to Hicks that his papers had been destroyed. (*Id*. at 5; *see also* Dkt. 1-1

at 1 ("I am sorry your papers were destroyed.  We do not have the ability to get them back.  I am asking that you work with your case manager to assist you in contacting the court or your attorney to get the information you need.").)  Hicks does not describe what "legal papers" were lost or destroyed, other than that they were related to an appeal, and he does not allege how officials at MCF-Faribault came into possession of the documents in the first place.  Based on those allegations, Hicks seeks relief pursuant to § 1983.

There are two substantial problems with Hicks's pleading.  First, neither of the defendants named to this action are viable.  The Eleventh Amendment bars actions against the State of Minnesota and its agencies unless that immunity has otherwise been abrogated.  *See, e.g.*, *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).  Additionally, only "person[s]" may be held liable under § 1983, and prisons themselves (as opposed to the individual officers who work within or oversee those prisons) are not persons within the meaning of § 1983.  *See Celia v. North Central Correctional Facility*, No. C13-3003 (MWB), 2014 WL 4961450, at 1 n.1 (N.D. Iowa Oct. 3, 2014) (collecting cases).  Accordingly, claims under § 1983 simply cannot be brought against MCF-Faribault.  By contrast, defendant Graves is a "person" and is not immune from claims for monetary relief under § 1983, at least insofar as he is named in his personal capacity.  But never does Hicks allege that Graves, personally, acted wrongfully; all that Graves is alleged to have done is apologized on behalf of his superiors at the facility.  (*See* Dkt. 1-1 at 1.)  To succeed on a personal-capacity claim under § 1983, a litigant must prove that the specific defendant being sued acted unlawfully himself or herself.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal

3

link to, and direct responsibility for, the deprivation of rights."). No such allegation is included with respect to Graves.

Second, the factual allegations in the complaint, even if accepted as true (as this Court must at this stage), do not establish that Hicks's constitutional rights were violated. Hicks describes his claim as arising under the Fourth Amendment, presumably on the theory that the documents at issue were unlawfully seized by MCF-Faribault officials. But the complaint is far from clear that the documents were **seized** rather than merely **lost** during the course of the prison's mail operations. (Hicks describes this conduct as "negligence" (Dkt. 1 at 5), but mere negligence is not actionable under § 1983, *see Andrewin v. Abraham*, No. 08-CV-5866 (DWF/JSM), 2009 WL 3428854, at *2 (D. Minn. Oct. 23, 2009) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)).) To the extent that Hicks believes that the loss or destruction of the documents constitutes a denial of access to the courts, Hicks must demonstrate that the actions of prison officials "resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). Hicks does not allege that any such injury followed from the loss of the legal documents in this matter.

Hicks has not adequately alleged that his constitutional rights have been violated, and he has not alleged that a defendant amenable to relief under § 1983 was personally responsible for the events at issue in this litigation. For each of those reasons, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  Hicks remains responsible for the remainder of the $350.00 statutory

filing fee, which is due in installments over time.  *See* 28 U.S.C. § 1915(b).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY RECOMMENDED THAT**:

1.    This matter be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C.

§ 1915(e)(2)(B).

2.    The application to proceed *in forma pauperis* of plaintiff Terrvante Hicks

(Dkt. 2) be **GRANTED**.

3.    Hicks be ordered to pay the unpaid balance ($288.91) of the statutory filing

fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and

the Clerk of Court be directed to provide notice of this requirement to the

authorities at the institution where Hicks is confined.

Dated: February 12, 2021                    *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the
District Court and is therefore not appealable directly to the Eighth Circuit Court of
Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a
magistrate judge's proposed finding and recommendations within 14 days after being
served a copy" of the Report and Recommendation.  A party may respond to those
objections within 14 days after being served a copy of the objections.  *See* Local

Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).